**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Beebe Rae Jennings, | No. CV-20-01158-PHX-MTL |
| Appellant, | **ORDER** |
| v. | |
| Russell Brown, et al., | |
| Appellees. | |

Appellant Beebe Rae Jennings filed the present bankruptcy appeal, *pro se*, on June 11, 2020. (Doc. 1.) Federal Rule of Bankruptcy Procedure 8009 requires an appellant, within 14 days of filing the notice of appeal, to file and serve "a designation of the items to be included in the record on appeal and a statement of the issues to be presented." Fed. R. Bankr. P. 8009(a)(1)(A). On July 10, 2020, the Court extended the deadline to perfect the appeal, upon Appellant's motion, to July 17, 2020. (Doc. 8.)

On August 6, 2020, Appellant's counsel filed a notice of appearance. (Doc. 10.) One week later, the Clerk of the U.S. Bankruptcy Court for the District of Arizona notified this Court that the certificate of record of appeal could not be finalized because the underlying bankruptcy case was dismissed on August 13, 2020. (Doc. 11.)

Seeing no further action, the Court ordered Appellant to show cause in writing by no later than October 22, 2020, why the case should not be dismissed for failure to perfect the appeal. (Doc. 15.) Appellant has not done so.

Generally, before dismissing a bankruptcy appeal for failure to perfect the appeal, a

district court must "consider[] alternative sanctions in lieu of dismissal." *In re Fitzsimmons*, 920 F.2d 1468, 1472 (9th Cir. 1990). In "egregious circumstances," however, a court may dismiss for noncompliance without explicit consideration of alternative sanctions. *In re Aspen Healthcare, Inc.*, 265 B.R. 442, 447 (N.D. Cal. 2001) (citing *Fitzsimmons*, 920 F.2d at 1473). "Dilatory conduct" constituting such egregious circumstances includes an "extreme and unexcused delay in complying with the requirements of FRBP 8006." *Id.* (citing *In re Patin*, 199 B.R. 728, 732 (N.D.Cal.1996)).

The Court finds that this case presents such a delay. The appeal was filed five months ago. *See In re Aspen Healthcare, Inc.*, 265 B.R. at 447 ("Courts have found as short as a one month delay to be extreme and in bad faith."). Appellant has not justified her failure to perfect the appeal, nor responded to the Court's order to show cause. The Bankruptcy Court's earlier notification (Doc. 11) also indicates that this appeal is likely moot. Further, the Court notes that it does not see any reasonable alternative to dismissal at this point, other than issuing yet another order to show cause. Accordingly,

**IT IS ORDERED** dismissing this matter without prejudice. The Clerk of the Court is directed to terminate this case and to enter judgment accordingly.

Dated this 5th day of November, 2020.

Michael T. Liburdi
United States District Judge